**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § <br> § <br> **v.** § **CRIMINAL NO. 4:17CR068** <br> § <br> **CRAYTON ROBINSON** § <br> § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 15, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Tracey Batson.

On February 1, 2013, Defendant was sentenced by the Honorable Walter S. Smith, Jr., United States District Judge, to a sentence of eighty-four (84) months imprisonment followed by a five (5) year term of supervised release for the violations of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute and Distribution of at Least 5 Kilograms of Cocaine, and 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering. On September 3, 2015, the term of imprisonment was reduced to seventy-two (72) months. Defendant's supervision commenced on August 25, 2016.

On August 25, 2020, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of

alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) Defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, Defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if Defendant has reverted to the use of drugs or alcohol. During treatment, Defendant shall abstain from the use of alcohol and any and all intoxicants. Defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon Defendant's ability to pay. *See* Dkt. 2.

The Petition asserts Defendant violated these conditions because: (1) On July 27, 2020, Defendant was instructed to report to the U.S. Probation Office in Plano, Texas, to submit a urinalysis. Defendant failed to report as instructed; (2) Near close of business on July 27, 2020, Defendant advised he would not be able to report as instructed. The probation officer instructed him to report and submit a urinalysis at the U.S. Probation Office, Plano, Texas, on July 28, 2020. Defendant failed to report as instructed; (3) On September 12, 2016, Defendant submitted a urine specimen which tested positive for methamphetamine; (4) On September 23, 2016, Defendant admitted both verbally and in writing to previous use of methamphetamine; (5) On March 15, 2017, Defendant admitted both verbally and in writing to using methamphetamine on March 11, 2017; (6) On September 18, and October 10, 2018, Defendant submitted a urine specimen which tested positive for marijuana. On September 18, 2018, Defendant admitted both verbally and in writing to smoking marijuana on August 21, 2018; (7) On February 10, 2020, Defendant admitted to the U.S. Probation Officer that he used an adulterant, beginning in December 2019, designed to

conceal his marijuana use and intentionally produce negative urine specimen results; and (8) On July 25, August 6, and August 15, 2020, Defendant failed to report to OnScene Drugscreens, McKinney, Texas, to submit to random urine testing as instructed.

At the hearing on September 15, 2020, Defendant entered a plea of true to violation of allegations one, two, and four (1, 2, 4). Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, having considered the arguments presented at the September 15, 2020 hearing, the Court recommends Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with twelve (12) months of supervised release to follow under the same previously imposed conditions. The Court further recommends Defendant be placed in the custody of FCI Seagoville, if appropriate.

**So ORDERED and SIGNED this 15th day of September, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE